Rodolfo Jadan IGNACIO;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73649.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Lizbeth A. Galdamez, Law Offices of Michael P. Karr & Associates, Sacramento, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Barry J. Pettinato, Esq., Office of Immigration Litigation, Ernesto H. Molina, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Rodolfo Jadan Ignacio and his wife Olivia Ignacio, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, review for substantial evidence, *see Meza–Manay v. INS,* 139 F.3d 759, 762 (9th Cir.1998), and deny the petition for review.

Substantial evidence supports the IJ's conclusion that Ignacio failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Ignacio contends that he was persecuted on account of an actual or imputed political opinion when guerrillas kidnapped him and forced him to make monthly "revolutionary tax" payments. Ignacio concedes that he never voiced his political opinion to the guerrillas. The IJ determined that Ignacio failed to show that he was persecuted "on account of" one of the protected grounds. We agree. *See Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997) ("To establish an imputed political opinion, the applicant must show that his persecutors actually imputed a political opinion to him.").

Because Ignacio failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Ignacio's contention that the BIA's streamlining decision fails to comport with

---

the requirements of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.